**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

NATHAN E. WILSON,                )
                                 )
        Plaintiff,               )
                                 )
                                 )
    v.                           )        1:16CV899
                                 )
                                 )
FAIRFIELD INN SUITES-            )
MARRIOTT, RDU,                   )
                                 )
        Defendant.               )
                                 )

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on "Defendant's Motion to Compel Plaintiff's Responses to Defendant's Discovery Requests" (Docket Entry 37 (the "Motion to Compel")) and Plaintiff's "Motion [for an] Extension of Time to Answer Defendant Discovery Demands and Serve Discovery Requests for Answer" (Docket Entry 39 (the "Extension Motion")). For the reasons that follow, the Court will grant the Motion to Compel and deny the Extension Motion.

## BACKGROUND

Plaintiff's pro se Amended Complaint alleges disability discrimination by Defendant in violation of the Americans with Disabilities Act of 1990. (See Docket Entry 7 at 1.)[1] At the

---

[1] Citations herein to Docket Entry pages utilize the document's internal pagination if unified internal pagination exists. In the absence of such pagination, the citations utilize the CM/ECF footer's pagination.

Initial Pretrial Conference, the Court set a discovery deadline of April 30, 2017. (See Text Order dated Oct. 31, 2016 (adopting, in relevant part, Docket Entry 18); see also Docket Entry 18 at 2 ("The date for the completion of all discovery (general and expert) should be April 30, 2017.").) On December 30, 2016, Defendant served on Plaintiff its first set of interrogatories and first request for production of documents (the "Discovery Requests"). (Docket Entry 38-2 at 2; see also Docket Entry 38-1 (providing copy of the Discovery Requests).) On January 19, 2017, Plaintiff moved for an indefinite extension of time to respond to the Discovery Requests (Docket Entry 26), but the Court denied that motion on January 27, 2017 (Text Order dated Jan. 27, 2017).

On February 10, 2017, Defendant emailed Plaintiff to inquire about the status of the Discovery Requests (Docket Entry 38-2 at 2; see also id. at 5)). On February 13, 2017, Plaintiff responded to Defendant's email, stating, inter alia, that he "request[ed] a specific time-frame to answer discovery after 2/17/17." (Id. at 7 (emphasis in original) (all-caps font omitted); see also id. at 2-3.) On February 20, 2017, Defendant emailed Plaintiff, requesting that he respond within ten days to the Discovery Requests or, in the alternative, schedule a telephone conference to discuss discovery issues. (Id. at 3; see also id. at 13.)

On February 27, 2017, Plaintiff filed another motion seeking a lengthy extension of time to respond to Defendant's Discovery

Requests. (Docket Entry 31.) On March 3, 2017, the Court denied that motion (Docket Entry 34), and, that same day, Defendant emailed Plaintiff asking that he provide either responses to the Discovery Requests by March 10, 2017, or a time when he could discuss discovery issues (Docket Entry 38-2 at 3; see also id. at 15). In that same email, Defendant advised Plaintiff that it would pursue a motion to compel if he did not respond. (See id. at 15.) Plaintiff failed to respond to either Defendant's email or the Discovery Requests. (Id. at 3; see also Docket Entry 38 at 1 ("Plaintiff has steadfastly failed and refused to provide any response to Defendant's [Discovery Requests].").)

As a result, Defendant filed the Motion to Compel. (Docket Entry 37; see also Docket Entry 38 (supporting memorandum).)[2] In response, Plaintiff filed the Extension Motion (Docket Entry 39) requesting an additional 90 days from April 6, 2017, to respond to the Discovery Requests (see id. at 1). Defendant has opposed any further extension. (See Docket Entry 40.)

**DISCUSSION**

**A. Motion to Compel**

"The purpose of discovery is to provide a mechanism for making relevant information available to the litigants." Fed. R. Civ. P. 26 advisory committee's note, 1983 amend. Under the Federal Rules

---

[2] Defendant initially sought expedited adjudication of this dispute (Docket Entry 36), but the Court denied that motion without prejudice (see Text Order dated Mar. 14, 2017).

of Civil Procedure (the "Rules"), "[u]nless otherwise limited by court order, . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Traditionally, the party opposing discovery bears the burden in a discovery dispute. See Hughes v. Research Triangle Inst., No. 1:11CV546, 2014 WL 4384078, at *2 (M.D.N.C. Sept. 3, 2014) (observing that "district judges and magistrate judges in the Fourth Circuit (including members of this Court) have repeatedly ruled that the party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion" (citing Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243–44 (M.D.N.C. 2010))).[3]

Under the Rules, "a party may serve on any other party . . . written interrogatories." Fed. R. Civ. P. 33(a)(1). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). "The responding party must serve its answers and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33(b)(2).

---

[3] The recent revisions to the Rules may have altered which party initially bears the burden as to some aspects of discovery disputes, but Plaintiff has provided no argument that would support any different allocation of burdens in this case.

In addition, the Rules authorize any party to "serve on any other party a request . . . to produce and permit the requesting party or its representative to inspect, copy, test, or sample [designated documents or electronically stored information] in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a). "The party to whom the request is directed must respond in writing within 30 days after being served." Fed. R. Civ. P. 34(b)(2)(A). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). The Rules further authorize "[a] party seeking discovery [to] move for an order compelling an answer, designation, production, or inspection" to discovery requests if "a party fails to answer an interrogatory submitted under Rule 33" or "fails to produce documents or fails to respond that inspection will be permitted - or fails to permit inspection - as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B).

In this case, the Court has reviewed the Discovery Requests (Docket Entry 38-1) and found no obvious defects or improprieties. However, Plaintiff's Extension Motion contains numerous statements, arguments, and/or requests that the Court construes as objections to the Discovery Requests. First, the Extension Motion "requests the Court <u>order</u> referral of this case to the E.E.O.C. for further

-5-

review and representation for Discovery Demands and trial." (Docket Entry 39 at 2 (emphasis in original) (citing E.E.O.C. v. Sappyann Inc., No. 1:16CV104 (M.D.N.C. 2016)); see also id. at 3.) In that regard, the Court generally does not refer cases to the E.E.O.C., and the E.E.O.C. elected not to pursue Plaintiff's ADA claim(s) (see Docket Entry 2-1 at 1 ("Dismissal and Notice of Rights")). Rather, the E.E.O.C.'s Dismissal and Notice of Rights permits Plaintiff to pursue his ADA claims in federal court. (See id. ("You may file a lawsuit against [Defendant] under federal law based on this charge in federal or state court.").)

Second, the Extension Motion asserts that Plaintiff "will surrender all economic recovery in this action to E.E.O.C. . . . with the exception of $100 dollars for fuel and expenses" and "consider donation to a qualified charity to benefit[] victims of domestic violence." (Docket Entry 39 at 2.) Given that the E.E.O.C. has declined to litigate this case, Plaintiff's position on this point does not alter his obligation to respond to the Discovery Requests.

Third, the Extension Motion "objects to Defendant['s] demands for discovery until such time as professional counsel i[s] available to avoid the fatal compromise of this case due to Plaintiff's difficulties with disability, experience and education" and Defendant's superior financial capabilities. (Id.; see also id. at 3-4.) Importantly, Plaintiff has requested appointment of

-6-

counsel on three prior occasions (see Docket Entries 3, 26, 31), and the Court has sufficiently addressed (and denied) each of those requests (see Text Orders dated Oct. 31, 2016, and Jan. 27, 2017; Docket Entry 34). The Extension Motion does not contain any new information warranting appointment of counsel, and it further fails to demonstrate that Plaintiff cannot adequately respond to the Discovery Requests without counsel.

Fourth, Plaintiff objects to responding "under oath" to the Discovery Requests for fear of subjecting himself to criminal liability and/or court sanctions. (Docket Entry 39 at 2.) However, the Rules (as discussed above) specifically require that Plaintiff answer Defendant's interrogatories "under oath." Fed. R. Civ. P. 33(b)(3) (emphasis added). Thus, even if Plaintiff retained counsel, the Rules would still require him to answer Defendant's interrogatories under oath. See McDougall v. Dunn, 468 F.2d 468, 472 (4th Cir. 1972) (emphasizing importance of Rule 33's requirement that the party served with interrogatories provide answers under oath). In addition, "[o]bjections to reasonable [i]nterrogatories must be specific to each [i]nterrogatory and explain or demonstrate precisely why or how the party is entitled to withhold from answering." VICA Coal Co., Inc., v. Crosby, 212 F.R.D. 498, 503 (S.D. W. Va. 2003). Accordingly, Plaintiff's generic concern with Rule 33's oath requirement provides no basis for delaying his response to Defendant's interrogatories. See id.

("Generic, non-specific objections will not suffice when posed in response to reasonable [i]nterrogatories.").

Fifth, the Extension Motion "objects to Defendant['s] discovery demands due to destruction[] and damage of records" in a Federal Emergency Management Agency ("FEMA") matter, and generally references "FEMA disaster assistance" that Plaintiff received, an E.E.O.C. action's adverse effect on "[o]ver $100,000 in S.B.A. economic injury assistance," and certain requests to FEMA legal for assistance as "FEMA has experience in situations where the E.E.O.C. and the Courts are intimidated by well financed employers with representation of the capabilities of [Defendant's attorney]." (Docket Entry 39 at 2.) Plaintiff, however, has not shown how his FEMA matter impacts this case, let alone how that matter relieves him of his obligation to respond to the Discovery Requests.

Finally, the Extension Motion states that Defendant's CEO served as a "UNC board member [from] 2013 to present, [and] had access to complaints and investigations of a UNC professor false claims from 2013 thr[ough] 2015," that the CEO "will be a witness called in [certain North Carolina Industrial Commission (the 'NCIC')] actions," and that "[t]he coordination of Defendant['s] discovery demands, sanction demands in these E.E.O.C. employment discrimination actions represent irreparable harm that can only be revealed with professional representation for discovery and trial of this E.E.O.C. matter." (Id. at 3.) Plaintiff attached to the

-8-

Extension Motion a letter that he wrote to the NCIC (Docket Entry 39-1), stating that he provided certain attorneys (not involved in this action) with answers to numerous questions and several hundred pages of information, that Defendant's CEO may be coordinating with those attorneys to inflict irreparable harm on Plaintiff via burdensome discovery, and that he therefore objects to the discovery demands of those attorneys as "burdensome," beyond his "abilities," and "a violation of the ADA" (id. at 1-2). Notably, Plaintiff does not allege that Defendant and its attorneys participated in the NCIC matter. (See id. at 1-3.) Therefore, even if the NCIC matter involves similar or overlapping discovery, that fact would not excuse Plaintiff from his discovery obligations in this case.

To summarize, Plaintiff has neither provided responses to the Discovery Requests, nor offered particularized objections that would warrant permitting Plaintiff to forego responding to the Discovery Requests. Therefore, the Court will grant the Motion to Compel and order that Plaintiff respond to the Discovery Requests.

**B. Extension Motion**

Turning next to the Extension Motion, Plaintiff has requested (for the third time) an extension of time to respond to the Discovery Requests. (See Docket Entry 39 at 1; see also Docket Entries 26, 31.) In particular, Plaintiff seeks a 90-day extension from April 6, 2017. (Id.) Such an extension would thus require

the Court to modify the April 30, 2017 deadline for all discovery. (See Docket Entry 18 at 2; Text Order dated Oct. 31, 2016).

"A [discovery] schedule may be modified only for good cause and with the [Court's] consent." Fed. R. Civ. P. 16(b)(4). "[T]he touchstone of 'good cause' under Rule 16(b) is diligence." Marcum v. Zimmer, 163 F.R.D. 250, 255 (S.D. W. Va. 1995); see also Fed. R. Civ. P. 16 advisory committee's note, 1983 Amendment Subdivision (b) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." (emphasis added)).

In this case, Plaintiff has identified nothing that would support a finding that he acted with diligence with regard to his duty to respond to the Discovery Requests. (See Docket Entries 39, 39-1.) Rather, the record shows that Defendant served Plaintiff with the Discovery Requests nearly four months ago, and that Plaintiff has steadfastly refused to provide any responses, even after the Court denied his two previous motions for extensions of time. Now, faced with the Motion to Compel, Plaintiff has submitted a third motion for extension of time to respond to the Discovery Requests, in which he identifies many of the same reasons for that request that the Court previously rejected. (Compare Docket Entry 39, with Docket Entries 31, 34.) Against this backdrop, the record does not demonstrate that Plaintiff has acted with diligence in complying with his discovery obligations.

Moreover, because Plaintiff filed the Extension Motion long after his 30-day deadline to respond to the Discovery Requests had expired (see Docket Entry 38-2 at 2 (stating that Defendant served Plaintiff with the Discovery Requests "[o]n or about December 30, 2016"); Docket Entry 39 (providing filing date of April 6, 2017)), in addition to showing "good cause" under Rule 16(b)(4), Plaintiff must also satisfy Rule 6(b)'s demanding "excusable neglect" standard. See Fed. R. Civ. P. 6(b) ("When an act may or must be done within a specified time, the [C]ourt may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."); see also Thompson v. E.I. DuPont de Nemours & Co., Inc., 76 F.3d 530, 534 (4th Cir. 1996) ("'Excusable neglect' is not easily demonstrated, nor was it intended to be."). The United States Supreme Court has explained that the excusable neglect inquiry "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). "These include . . . [1] the danger of prejudice to the [opposing party], [2] the length of the delay and [3] its potential impact on judicial proceedings, [4] the reason for the delay, including whether it was within the reasonable control of the movant, and [5] whether the movant acted in good faith." Id.

Considering those factors in the context of this case, the Court first observes that granting Plaintiff's requested relief would require a significant extension of the discovery period and thus would jeopardize the long-scheduled trial date (or, at a minimum, would deprive the Court of a reasonable amount of time to assess any dispositive motions before such date). These consequences portend possible serious prejudice to Defendant's interest in maintaining an agreed-upon and judicially sanctioned end-point for this case, as well as an adverse impact on the Court's proceedings. As a result, Plaintiff's request for a 90-day extension from April 6, 2017, to respond to the Discovery Requests would represent a delay of unreasonable length under the circumstances, particularly given the absence of an acceptable reason for such delay (even if the Court assumes no bad faith on Plaintiff's part).

In regard to the reason for the delay, as detailed above, the Court denied Plaintiff's two previous motions for extension of time, putting Plaintiff on notice that he needed to respond to the Discovery Requests. Yet, Plaintiff failed to take action within his "reasonable control," Pioneer, 507 U.S. at 395, and he has provided no particularized reason justifying his delay. The Pioneer factors thus counsel against a finding of excusable neglect.

In summary, Plaintiff has not met his burden of establishing good cause and excusable neglect for extending his time to respond to the Discovery Requests.

**C. Expense Shifting/Sanctions**

The Court may impose sanctions for a failure to serve answers, objections, or written responses to interrogatories and/or requests for production. Fed. R. Civ. P. 37(d)(1)(A). A motion requesting such relief "must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without [C]ourt action." Fed. R. Civ. P. 37(d)(1)(B).[4] Among other sanctions available, "the [C]ourt must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially

---

[4] Additionally, per the Court's Local Rules:

> The Court will not consider motions and objections relating to discovery unless moving counsel files a certificate that after personal consultation and diligent attempts to resolve differences the parties are unable to reach an accord. The certificate shall set forth the date of the conference, the names of the participating attorneys, and the specific results achieved. It shall be the responsibility of counsel for the movant to arrange for the conference and, in the absence of an agreement to the contrary, the conference shall be held in the office of the attorney nearest the court location where the initial pretrial conference was convened or, in the absence thereof, nearest to Greensboro. Alternatively, at any party's request, the conference may be held by telephone.

M.D.N.C. LR 37.1(a).

justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3); accord Fed. R. Civ. P. 37(a)(5)(A) ("If the [Motion to Compel] is granted . . . the [C]ourt must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . [to] pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.").

Defendant moved the Court for an order requiring Plaintiff to pay Defendant's reasonable attorney's fees and expenses incurred in making the Motion to Compel. (Docket Entry 38 at 4-5.)[5] Defendant's attorney filed an affidavit showing (1) that she attempted to confer with Plaintiff on at least two occasions regarding his failure to respond to the Discovery Requests, and (2) that Plaintiff ignored both attempts. (Docket Entry 38-2 at 2-3.) Under these circumstances, Defendant fulfilled its conferral obligations. See, e.g., Solais v. Vesuvio's II Pizza & Grill, Inc., No. 1:15CV227, 2015 WL 6110859, at *8-9 (M.D.N.C. Oct. 16, 2015). Further, Plaintiff has raised no argument regarding the propriety of expense shifting, and the record reflects no circumstances justifying Plaintiff's refusal to respond to the Discovery Requests or rendering an award of expenses unjust. See generally Garity v. Donahoe, No. 2:11CV01805, 2014 WL 1168913, at

---

[5] Plaintiff thus received a full and fair opportunity to present any argument that would defeat expense-shifting.

*6 (D. Nev. Mar. 21, 2014) ("[A] litigant's pro se status does not relieve [him] of obligations to comply with discovery rules."). Plaintiff must, therefore, pay Defendant's reasonable expenses, including attorney's fees, incurred in making the Motion to Compel. See Fed. R. Civ. P. 37(a)(5)(A), (d)(1)(A)(ii), and (d)(3); see also Hughes, 2014 WL 4384078, *5 (ordering a pro se plaintiff to pay attorney's fees and costs incurred by the defendant in moving to compel).

## CONCLUSION

In sum, Defendant has shown entitlement to relief under Rule 37, as Plaintiff has neither provided adequate grounds for refusing to respond to the Discovery Requests, nor shown good cause and excusable neglect to warrant extending his time to respond to the Discovery Requests.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel (Docket Entry 37) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Extension Motion (Docket Entry 39) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff must respond to the Discovery Requests on or before May 12, 2017. Failure to comply with this Order may result in the dismissal of this action.

**IT IS FURTHER ORDERED** that on or before May 12, 2017, Defendant shall serve Plaintiff with a statement setting out the reasonable expenses, including attorney's fees, Defendant incurred

in making the Motion to Compel.  Failure by Defendant to comply with this Order will result in denial of any expense-shifting.

**IT IS FURTHER ORDERED** that, if Defendant timely serves such a statement of reasonable expenses, Plaintiff shall file, on or before May 26, 2017, either: 1) a Notice agreeing to the reasonableness of the claimed expenses, or 2) a Memorandum of no more than five pages explaining why he contests the reasonableness of the claimed expenses, along with a certification that he attempted in good faith to resolve any disagreement over the reasonableness of the claimed expenses with Defendant.  Failure by Plaintiff to comply with this Order will result in the Court ordering, upon the filing of a Notice by Defendant of its reasonable expenses as contained in the statement it served upon Plaintiff, the payment of such expenses by Plaintiff.

**IT IS FURTHER ORDERED** that, on or before June 9, 2017, Defendant shall file a Response of no more than five pages to any Memorandum timely filed by Plaintiff contesting the reasonableness of the claimed expenses.  Failure by Defendant to comply with this Order will result in denial of any expenses contested by Plaintiff as unreasonable.

**IT IS FURTHER ORDERED** that, on or before June 16, 2017, Plaintiff may file a Reply of no more than three pages to any Response timely filed by Defendant regarding the reasonableness of the claimed expenses.

**IT IS FURTHER ORDERED** that, upon completion of the foregoing briefing or the time period for such briefing, the Clerk shall refer this matter back to the undersigned Magistrate Judge for further action.

**SO ORDERED**, this the 25th day of April, 2017.

                                      /s/ L. Patrick Auld
                                          **L. Patrick Auld**
                               **United States Magistrate Judge**